UNITED STATES of America, Plaintiff,

v.

Ronald David BOHN, Defendant.

CR 95–40049.

United States District Court,
D. South Dakota,
Southern Division.

Aug. 11, 1995.

Robert A. Mandel, Assistant United States Attorney, Sioux Falls, SD, for plaintiff.

Leo T. Flynn, Sioux Falls, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Defendant Ronald Bohn moves to dismiss the indictment for lack of federal jurisdiction. Upon careful consideration of the oral arguments and briefs of counsel, the Court denies the motion.

This Court recently held in a civil case, *Yankton Sioux Tribe v. Southern Missouri Waste Management District*, 890 F.Supp.

878, Memorandum Opinion and Order (D.S.D.1995), that an 1894 Act of Congress did not disestablish or diminish the exterior boundaries of the Yankton Sioux Reservation.[1] On June 23, 1995, the government filed a criminal complaint against defendant, an Indian, charging him with committing in Indian Country the offense of assault with intent to commit murder in violation of 18 U.S.C. §§ 113(a)(1) and 1153. A Special Agent of the Federal Bureau of Investigation signed the complaint on June 22, 1995. A statement of facts appended to the complaint stated that, on November 24, 1994, Julie Weddell was found on the streets of Wagner at approximately 5:00 a.m., seeking assistance for knife wounds allegedly inflicted by defendant. Upon defendant's arrest on the federal criminal complaint, the magistrate judge appointed counsel for defendant and, after a hearing, detained defendant without bond.

The same day the government filed the criminal complaint, June 23, this Court entered an Order Granting Stay in *Yankton Sioux Tribe.* In an indictment filed on July 14, 1995, the federal grand jury charged defendant in Count I with assault with intent to commit murder, in violation of 18 U.S.C. §§ 113(a)(1) & 1153; in Count II with assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3) & 1153; and in Count III with assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) & 1153. Defendant argues that the indictment should be dismissed because the Court stayed its judgment in *Yankton Sioux Tribe* and, under the law as it existed at the time of the offense in November 1994, *see Weddell v. Meierhenry,* 636 F.2d 211, 213 (8th Cir.1980), *cert. denied,* 451 U.S. 941, 101 S.Ct. 2024, 68 L.Ed.2d 329 (1981), *State v. Williamson,* 87 S.D. 512, 211 N.W.2d 182, 184 (1973), and *Wood v. Jameson,* 81 S.D. 12, 130 N.W.2d 95, 99 (1964), the City of Wagner was not located within Indian Country as that term is defined in 18 U.S.C. § 1151.[2] Consequently, defendant argues, the State of South Dakota, and not the federal government, has criminal jurisdiction over him.

The government argues that it has had criminal jurisdiction within the exterior boundaries of the Yankton Sioux Reservation since the 1894 Act of Congress, and this Court's recent opinion in *Yankton Sioux Tribe* simply recognized the existence of that jurisdiction. The government argues that the stay order in *Yankton Sioux Tribe* cannot preclude it from exercising its criminal jurisdiction within the reservation boundaries. The government distinguishes *Weddell* on the ground that the Eighth Circuit held the City of Wagner did not qualify as a "dependent Indian community," under 18 U.S.C. § 1151(b) and the appeals court did not consider the question whether the reservation is diminished.[3] The government contends that it has criminal jurisdiction because the City of Wagner lies within the exterior boundaries of the reservation, not because Wagner is a dependent Indian community.

1. The Court will file in this record a copy of the Memorandum Opinion and Order in the *Yankton Sioux Tribe* case.

2. This statute provides in pertinent part:

Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation[.]

3. The Eighth Circuit stated in footnote 2 of the *Weddell* opinion:

The Supreme Court of South Dakota has twice determined that the original Yankton Indian Reservation had been diminished by an Act of Congress. *Wood v. Jameson,* 81 S.D. 12, 130 N.W.2d 95, 99 (1964); *State v. Williamson,* 87 S.D. 512, 211 N.W.2d 182, 184 (1973). Appellant does not challenge these holdings in this appeal.

In neither *Wood* nor *Williamson* did the South Dakota Supreme Court consider the effect of Article XVIII of the 1892 Agreement with the Yankton Sioux, as this Court did in the *Yankton Sioux Tribe* opinion. The South Dakota Supreme Court explicitly considered only Articles I and II in *Williamson,* and Articles I, II, and VIII in *Wood.* This Court noted in *Yankton Sioux Tribe* that Articles I and II, standing alone, suggest diminishment, but those Articles, when read in conjunction with Article XVIII, compel the conclusion that diminishment did not occur. Consideration of Article XVIII distinguishes this Court's analysis from that of prior opinions concerning the issue.

The Order Granting Stay in *Yankton Sioux Tribe* relied upon Federal Rule of Civil Procedure 62(d), as explained in this Court's Memorandum Opinion on Stay Pending Appeal, a copy of which is filed with this record. The Court determined that an injunction pending appeal pursuant to Rule 62(c) was not proper, but observed that the State of South Dakota was entitled to a stay as a matter of right pursuant to Rule 62(d). The Court exercised its discretion to waive the supersedeas bond requirement upon the State's request.

■ The Order Granting Stay does not require the Court to dismiss a federal indictment when federal criminal jurisdiction exists and is exercised by the government. *See United States v. Standish,* 3 F.3d 1207, 1209 (8th Cir.1993) (affirming conviction because federal government could exercise criminal jurisdiction in New Town, North Dakota, which remains within the Fort Berthold Reservation boundaries); *United States v. Wounded Knee,* 596 F.2d 790, 796 (8th Cir.) (affirming convictions on basis that Crow Creek Sioux Reservation is not diminished), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979); *United States v. Weddell,* 567 F.2d 767 (8th Cir.1977) (affirming exercise of federal criminal jurisdiction because Standing Rock Reservation, including town of Fort Yates, is not disestablished), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 761 (1978); *Beardslee v. United States,* 541 F.2d 705, 707–08 (8th Cir.1976) (per curiam) (affirming denial of federal prisoner's 28 U.S.C. § 2255 motion on ground that Todd County remains part of Rosebud Reservation and federal jurisdiction is proper).[4] *See also United States v. John,* 437 U.S. 634, 653–54, 98 S.Ct. 2541, 2550–51, 57 L.Ed.2d 489 (1978) (upholding federal conviction on basis that crime occurred within area designated as reservation for Choctaw Indians and reversing state conviction arising out of same facts). The decision of the federal government to exercise criminal jurisdiction, along with defendant's motion to dismiss for lack of subject matter jurisdiction, sets before the Court once again the issue whether the Yankton Sioux Reservation is diminished. The Court takes judicial notice of its prior Memorandum Opinion and Order and Judgment in *Yankton Sioux Tribe* and now holds, based upon that analysis, that the 1894 Act of Congress did not diminish the Yankton Sioux Reservation. Therefore, the Court determines that the City of Wagner, which is located within the exterior boundaries of the Yankton Sioux Reservation, lies within "Indian Country" as that term is defined in section 1151. Accordingly, the federal government may exercise criminal jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153. The motion to dismiss is denied.

■ Defendant asks for appointment of a psychiatrist of his choice to examine him and assist in his insanity defense. The record contains a copy of the report of a forensic evaluation of defendant conducted at the South Dakota Human Services Center in Yankton on April 17, 1995. This evaluation indicates that defendant has serious psychiatric problems and that defendant is taking medication. The government attorney has produced a copy of a letter he received from defense counsel, in which defendant gave notice of his intent to raise an insanity defense pursuant to Federal Rules of Criminal Procedure 12.2(a) and (b). Based upon defendant's notice of an insanity defense, the government moves for a psychiatric examination of defendant under 18 U.S.C. § 4242(a). The government's motion is granted. The Court

---

4. Some state prisoners have prevailed in overturning state convictions by arguing that the federal government had exclusive jurisdiction in Indian Country. *See Solem v. Bartlett,* 465 U.S. 463, 481, 104 S.Ct. 1161, 1171, 79 L.Ed.2d 443 (1984) (affirming grant of habeas corpus and holding that Cheyenne River Sioux Reservation is not diminished); *Seymour v. Superintendent of Washington State Penitentiary,* 368 U.S. 351, 359, 82 S.Ct. 424, 429, 7 L.Ed.2d 346 (1962) (reversing denial of habeas corpus and holding that south half of Colville Indian Reservation is not diminished); *United States ex rel. Condon v. Er-* *ickson,* 478 F.2d 684, 689 (8th Cir.1973) (affirming grant of habeas corpus and holding that Cheyenne River Indian Reservation is not diminished and Eagle Butte lies within "Indian Country"). Other state prisoners have not been so successful. *See e.g., United States ex rel. Cook v. Parkinson,* 525 F.2d 120, 124 (8th Cir.1975) (affirming denial of habeas corpus and holding that State of South Dakota properly exercised criminal jurisdiction because Bennett County, South Dakota, is severed from the Pine Ridge Indian Reservation).

denies without prejudice defendant's motion for an independent psychiatrist of his choice pending completion of the psychiatric examination requested by the government.

IT IS ORDERED:

(1) that defendant's motion to dismiss for lack of jurisdiction is denied. (Doc. 13.)

(2) that the government's motion for psychiatric examination of defendant under 18 U.S.C. § 4242(a) is granted. (Doc. 19.)

(3) that defendant is committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4247(b), for a reasonable period of time not to exceed 45 days for placement in a facility for psychiatric examination pursuant to 18 U.S.C. § 4242.

(4) that the psychiatric report of the examination conducted shall be filed with the Court, with copies to counsel for the defendant and the government, pursuant to the provisions of 18 U.S.C. § 4247(c).

(5) that defendant's motion for examination by a psychiatrist of defendant's choice is denied without prejudice. (Doc. 16.)

(6) that defendant's oral motion for a trial continuance is granted and the period of delay resulting from the continuance for the psychiatric examination, pursuant to 18 U.S.C. §§ 4242, is excluded in computing the time within which the trial of the offense for the defendant must commence. 18 U.S.C. § 3161(h)(8)(A).

Dated this 8th day of August, 1995.